(No. 14266.—Judgment affirmed.)

CLARENCE H. VENNER, Appellant, vs. THE PUBLIC UTILITIES COMMISSION ex rel. The Chicago, Rock Island and Pacific Railway Company, Appellee.

*Opinion filed February 22, 1922.*

1. PUBLIC UTILITIES—*when action of commission authorizing issue of preferred stock is not premature.* An order of the Public Utilities Commission authorizing a consolidated railroad company to issue preferred stock to cover indebtedness is not premature because entered before the stockholders' meetings were held authorizing the issue, where the committee petitioning the commission for the issue held ninety-nine per cent of the stock of the corporation, and where the commission, after the stockholders' meetings were held, denied a petition for a rehearing and entered a supplemental order amending the original order.

2. SAME—*when the question of the irregularity of stockholders' meetings cannot be raised.* On a review of a proceeding before the Public Utilities Commission to authorize a consolidated railroad company to issue preferred stock to cover indebtedness, no question can be raised whether stockholders' meetings were properly called or whether two-thirds of the outstanding stock was present and voted on the issue but such questions should be taken to the appropriate court for determination.

3. SAME—*when order does not violate law prohibiting corporation from purchasing its own stock.* An order of the Public Utilities Commission authorizing a consolidated railroad company to issue preferred stock to cover existing indebtedness and to redeem said stock at a certain price per share does not violate the law prohibiting a corporation from purchasing its own stock, as the apparent purpose of such order is to retire the stock redeemed, which practice is permitted by statute.

APPEAL from the Circuit Court of Sangamon county; the Hon. FRANK W. BURTON, Judge, presiding.

ELIJAH N. ZOLINE, for appellant.

M. L. BELL, (GEORGE B. GILLESPIE, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the Sangamon county circuit court affirming an order and supplemental order of the Public Utilities Commission authorizing appellee to issue $65,000,000 of preferred seven per cent and six per cent stock. The order authorizing the issue was made June 20, 1917, on an application of appellee previously filed with the commission. Appellant, who was the owner of thirty shares of stock in appellee, filed with the commission a petition for rehearing, which was denied on July 1, and on July 31 the commission modified its original order with reference to the accumulation of dividends on the preferred stock. Appellant appealed from both orders and urges numerous reasons why the judgment of the circuit court and orders of the commission should be reversed.

Appellee is a consolidated corporation existing under the laws of Illinois and Iowa. It succeeded to the property and interest of the Rock Island and LaSalle Railroad Company, which was chartered by special act of the Illinois legislature in 1847, and was expanded by subsequent legislative acts and consolidations with Iowa corporations. Its powers in Illinois were confirmed and established by the act of 1897 to ratify consolidations. (Hurd's Stat. 1917, chap. 114, par. 198.) For some time prior to the proceeding here involved appellee's property was in the hands of a receiver appointed by the United States district court for the northern district of Illinois. A joint re-organization committee, composed of representatives of the principal creditors and 99 per cent of its outstanding $75,000,000 capital stock, presented to the court in May, 1917, a plan of re-organization which was intended to terminate the receivership and return the property to the owners without a foreclosure or sale. The plan of re-organization included the issue of $30,000,000 seven per cent preferred stock and $35,000,000 six per cent preferred stock to raise money to pay the company's then existing debts. Pending a hearing

in the United States court appellee applied June 4, 1917, to the Public Utilities Commission for authority to issue the stock. Two stockholders' meetings had been called,—one to be held in Chicago June 21, 1917, and one in Davenport, Iowa, June 22, 1917,—for the purpose of authorizing the stock issue and the amendment of appellee's charter. Meetings were called to be held in Illinois and Iowa because, as appellee is a consolidated corporation existing under the laws of both States, it was necessary to hold meetings in both States to authorize the amendment of the charter. The petition filed with the Public Utilities Commission showed the dates for the stockholders' meetings, and it was stated to the commission in the petition that the joint re-organization committee held 99 per cent of the stock, and there was no reason for doubt that the necessary resolution would be adopted at the stockholders' meetings, since only a two-thirds majority was required. The commission entered its order. According to a statement made by the chairman of the commission when appellant's petition for rehearing was being considered, the order was not to be released until a certified copy of the resolution adopted at the stockholders' meetings was filed with the commission. On July 17, 1917, the commission denied appellant's petitions for a rehearing and entered its supplemental order on July 31 modifying its original order.

It is contended by appellant that the action of the commission was premature because the stockholders' meetings at which the resolution authorizing the increased stock issue was adopted were held after the order was made. If the action of the stockholders was made by law a prerequisite to the action of the commission, the commission confirmed the order when it denied appellant's petition for a rehearing and when it entered a supplemental order amending the original order, and it is not denied that the stockholders' resolution was on file with the commission before the performance of those acts.

Appellant contends the stockholders' meetings were not called in the manner required by law and that two-thirds of the outstanding stock did not vote on the resolution to increase the stock. We do not think the contention that notice of the stockholders' meetings was not properly given is sustained. Appellant was present at both meetings, and, in any event, the question whether the meetings were properly called or whether two-thirds of the outstanding stock was present and voted could not be raised in this proceeding but appellant's remedy would be by application to the appropriate court to determine those questions.

It is contended the order made provision for the redemption by appellee of seven per cent preferred stock at $105 per share and the six per cent stock at $102 per share, and is therefore in violation of the law prohibiting a corporation from purchasing its own stock. The order does not authorize appellee to purchase but to redeem its stock, and, unless we misunderstand, redemption meant retirement of the stock redeemed, and that appears to be authorized by paragraph 197 of chapter 114, Hurd's Statutes of 1917.

Again, it is contended that the order of the commission authorizes appellee to contract to pay cumulative dividends from a date prior to the authorization of the stock, and that was erroneous. If there was any error in that part of the order it was cured by the supplemental order, by which dividends were cumulative from July 1, 1917.

Some other questions are raised and discussed in the briefs, but in our judgment they afford no ground for reversing the judgment of the circuit court.

It seems clear appellant has in no way suffered injury or prejudice to any right he has, and the judgment is affirmed.

*Judgment affirmed.*